Cite as 2025 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-342

| | |
|---|---|
| BRIANNA BUTLER<br><div align="right">APPELLANT</div> | Opinion Delivered January 15, 2025 |
| V. | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT<br>[NO. 42BJV-23-35] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><div align="right">APPELLEES</div> | HONORABLE TERRY SULLIVAN, JUDGE |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

**N. MARK KLAPPENBACH, Chief Judge**

Appellant, Brianna Butler, appeals the circuit court's March 2024 order that adjudicated her children dependent-neglected. The affected children included her son born in 2017 (MC1), her daughter born in 2018 (MC2), and her stepson born in 2012 (MC3).[1] Appellant's attorney filed a no-merit brief and a motion to be relieved as counsel stating that there is no merit to an appeal pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(j) (2023). The clerk of this court delivered a copy of counsel's brief and motion to withdraw to appellant, advising her of her right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(j)(3). She

---

[1]Brianna Butler and Christopher Butler lived together as a couple with the children in Booneville, Arkansas, presenting themselves as married, but there is no proof that they are married. Christopher is not a party to this appeal.

filed no pro se points. Having conducted this no-merit appeal under the appropriate standards, we agree with appellant's attorney that there is no merit to an appeal of the adjudication order. Therefore, we affirm the order and grant the motion to be relieved as counsel.

This Arkansas Department of Human Services (DHS) case began in December 2023 when DHS exercised an emergency hold concerning MC3, age eleven, the eldest of the three children and halfsibling of MC1 and MC2. Brianna had taken MC3 to the hospital because MC3 was not responsive. The police called DHS because MC3 had numerous physical injuries, was septic, and was approximately ten pounds underweight for his age. His blood pressure was dangerously low; and he had swollen and infected legs, many bruises and abrasions, and bed sores. A nurse said that if MC3 had not been brought in for medical care, he would have died by midnight. Brianna explained that MC3 was fine the day before, but that explanation was completely inconsistent with the severity of his condition. Brianna was arrested at the Booneville hospital and charged with endangering the welfare of a minor, permitting abuse of a child, and aggravated assault on a family or household member.

MC3 was transferred to Arkansas Children's Hospital (ACH) by ambulance and placed in intensive care. An ACH physician opined that MC3 was near death when he came to the hospital. Among his many ailments, MC3 was found to have a hole in his intestine. The physician diagnosed MC3 with severe and various forms of child maltreatment that had happened in a period longer than a few weeks. She recommended that any other children in

the home be placed in a protective environment. Numerous color photographs that depicted the severity of MC3's external injuries were part of the medical record.

Police found videos on Brianna's and Christopher's cell phones. The videos, with audio recording, depicted Brianna abusing MC3 (shaking, cursing, berating, and hitting him). In one video, Brianna forced MC3 to lie on cold concrete and in another video she forced him to do jumping jacks. MC3 did not have a bedroom at the home. He had to sleep on a mattress in the hallway.

In the adjudication order, the circuit court stated:

I have been on the bench 20 years, and I have never seen a worse case of child abuse. This child has been tortured. I don't know where to start. The pictures show a child that looks like he came out of a concentration camp. He's malnourished, his body temperature very low, bruises all over his body, his skin ruptured, the videos- he's been subjected to physical abuse by the stepmother [Brianna] while the father was present, hitting, verbal abuse, continuing jumping jacks while he was crying. I don't know what to say. I've never seen a case like this. . . . From the trauma perpetrated on [MC3], I do not think it is in the other children's [MC1's and MC2's] best interest to be placed with the parents and they will remain in the care and custody of the Department. And also, in these videos the Court could hear other children in the background, so obviously they were exposed to some of this trauma that was perpetrated upon [MC3].

Neither Brianna nor Christopher was allowed visitation with any of the children. This appeal followed

Counsel for an appellant may file a no-merit brief and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. *Jordan v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 344, 652 S.W.3d 611. In the brief, counsel must include an argument section that lists all circuit

court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). In evaluating a no-merit brief, we determine whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Jordan, supra*.

Adjudication hearings are held to determine whether the allegations in a dependency-neglect petition are substantiated by the proof. Ark. Code Ann. § 9-27-327(a)(1) (Supp. 2023). DHS alleged that the children were subjected to abuse, neglect, and parental unfitness and that the serious harm to MC3 constituted aggravated circumstances. DHS had the burden of proving by a preponderance of the evidence that the children were dependent-neglected. Ark. Code Ann. § 9-27-325(h)(1) & (2)(B) (Supp. 2023). The circuit court's focus at adjudication is on the child, not the parent. *Hoy v. Arkansas Dep't of Hum. Servs.*, 2022 Ark. App. 237. We review a circuit court's findings of fact de novo, but we will not reverse those findings unless they are clearly erroneous, giving due regard to the circuit court's opportunity to judge the credibility of the witnesses. *Id.*

Brianna's attorney contends, and we agree, that any appeal of the dependency-neglect finding of would be wholly frivolous. We need not reiterate the serious abuse that MC3 suffered and that MC1 and MC2 were exposed to. The circuit court did not err in finding by a preponderance of the evidence that these children were dependent-neglected. The abuse of one sibling can establish that another sibling is at a substantial risk of serious harm, even when there is no reason to think that the other siblings have also been abused. *Mayer v. Ark.*

4

*Dep't of Hum. Servs.*, 2023 Ark. App. 365, 674 S.W.3d 748. It is the risk of harm that is created by the sibling's abuse that makes a finding of dependency-neglect regarding the other sibling appropriate. *Id.* Substantial risk speaks in terms of future harm to the child—not actual harm. *Id.*

Brianna's attorney points out other adverse rulings made by the circuit court and explains why each of these would not support a meritorious appeal. Her attorney objected to the admission of the cell-phone videos, asserting that DHS had not presented a foundation for their admission. However, her attorney never objected to the police officer's testimony describing much of the contends of the video, nor did her attorney cross-examine the officer. We hasten to add that, regardless of the video content, the medical record, the witness's testimony, and the color photographs all support that these children were subjected to or exposed to abuse in the home.

The next adverse ruling was allowing ACH's doctor (an expert in child abuse and neglect) to express her opinion about the effect of MC3's abuse on MC1 and MC2. However, the circuit court did not rule on that objection, and DHS rephrased the question without objection. Another objection was raised and overruled when the doctor was asked for her recommendations as to MC1 and MC2. However, that information was included in the already-admitted medical record, so no prejudice could have resulted in allowing the doctor to restate her concerns and recommendations.

Having carefully examined the record and the no-merit brief, we hold that Brianna's counsel has complied with the requirements for a no-merit appeal and that the appeal is

wholly without merit.  We affirm the order adjudicating the children dependent-neglected and grant counsel's motion to be relieved.

Affirmed; motion to be relieved granted.

HARRISON and MURPHY, JJ. agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.